FILED
CLERK, U.S. DISTRICT COURT
6/11/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___E.C.___ DEPUTY

**UNDER SEAL**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>         v.<br><br>CARLOS VICTOR MESTANZA CERCADO,<br>JAZAEL PADILLA RESTO,<br>  aka "Ricardo Noel Moya,"<br>  aka "Ricardo Barbosa,"<br>  aka "Alberto Javier Loza Chamorro,"<br>PABLO RAUL LUGO LARROIG,<br>  aka "Walter Loza,"<br>VICTOR HUGO VALENCIA SOLORZANO,<br>JORGE ENRIQUE ALBAN,<br>JESON NELON PRESILLA FLORES,<br>  and<br>EDUARDO MACIAS IBARRA,<br><br>         Defendants. | CR No. 5:25-CR-00198-KK<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 1951(a): Conspiracy to Interfere with Commerce by Robbery and Interference with Commerce by Robbery; 18 U.S.C. § 659: Theft from Interstate or Foreign Shipment; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

## COUNT ONE

[18 U.S.C. § 371]

[ALL DEFENDANTS]

A.  OBJECT OF THE CONSPIRACY

Beginning no later than on or about March 2, 2022, and continuing to at least on or about July 20, 2022, in San Bernardino and Los Angeles Counties, within the Central District of California, and elsewhere, defendants CARLOS VICTOR MESTANZA CERCADO, JAZAEL PADILLA RESTO, also known as ("aka") "Ricardo Noel Moya," "Ricardo Barbosa," and "Alberto Javier Loza Chamorro," PABLO RAUL LUGO LARROIG, aka "Walter Loza," VICTOR HUGO VALENCIA SOLORZANO, JORGE ENRIQUE ALBAN, JESON NELON PRESILLA FLORES, and EDUARDO MACIAS IBARRA conspired with each other and others known and unknown to the Grand Jury to commit Theft from Interstate and Foreign Shipment, in violation of Title 18, United States Code, Section 659.

B.  MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

The object of the conspiracy was to be accomplished, in substance, as follows:

1. Defendants MESTANZA, PADILLA, LUGO, VALENCIA, ALBAN, PRESILLA, and MACIAS, and others known and unknown to the Grand Jury, would travel to a jewelry show and other locations, including traveling long distances, to identify and rob, steal, unlawfully take, and unlawfully carry away goods and chattels from victims who were operating in and affecting interstate and foreign commerce.

2. Defendants MESTANZA, PADILLA, LUGO, VALENCIA, ALBAN, PRESILLA, and MACIAS, and others known and unknown to the Grand Jury,

would use multiple vehicles to follow victim truck drivers carrying interstate and foreign shipments of jewelry, Samsung and Apple electronics, and other merchandise to a stopping point, including truck stops, where they could rob, steal, unlawfully take, and unlawfully carry away the merchandise from the victims.

3.   Some conspirators would act as lookouts in and around businesses that the victim truck drivers were patronizing while their trucks were seemingly unattended.

4.   Other conspirators would break into the seemingly unattended trucks and steal from their interstate and foreign shipments, including by force and threat of force in the victims' presence.

5.   Defendants MESTANZA, PADILLA, LUGO, VALENCIA, ALBAN, PRESILLA, and MACIAS, and others known and unknown to the Grand Jury, would return to Los Angeles County with the stolen merchandise to divide up and fence for profit.

C.   OVERT ACTS

In furtherance of the conspiracy, and to accomplish its object, defendants MESTANZA, PADILLA, LUGO, VALENCIA, ALBAN, PRESILLA, and MACIAS, and others known and unknown to the Grand Jury, on or about the dates set forth below, committed the following overt acts, among others, in the Central District of California, and elsewhere:

1.   Theft of Samsung Electronics Valued at $240,573 on March 2, 2022

Overt Act No. 1:   On March 2, 2022, defendants MESTANZA, LUGO, and VALENCIA, and other co-conspirators, using multiple vehicles, including defendant PADILLA's vehicle, followed a truck carrying Samsung electronics from Ontario, California, to be delivered to another transportation company for shipment out of California.

Overt Act No. 2: On March 2, 2022, when the truck driver stopped temporarily at a store in Ontario, defendants MESTANZA, LUGO, and VALENCIA, and other co-conspirators, distracted the driver inside the store and stole Samsung electronics from the truck.

Overt Act No. 3: On March 2, 2022, defendants MESTANZA, LUGO, and VALENCIA, and other co-conspirators, fled with the stolen Samsung electronics, which the victims later valued at approximately $240,573, to defendant PADILLA's residence in Los Angeles, California, where defendant PADILLA photographed the stolen electronics.

2. Robbery of Apple AirTags Valued at $57,377 on March 11, 2022

Overt Act No. 4: On March 11, 2022, with defendant LUGO as a scout, defendants MESTANZA, PADILLA, VALENCIA, and ALBAN, and other co-conspirators, using multiple vehicles, followed a box truck carrying Apple AirTags from China to be delivered to a warehouse in Fontana, California.

Overt Act No. 5: On March 11, 2022, when the box truck driver stopped temporarily for food in Fontana, defendants MESTANZA, PADILLA, VALENCIA, and ALBAN, and other co-conspirators, acted as lookouts in and around the restaurant and stole Apple AirTags from the box truck.

Overt Act No. 6: On March 11, 2022, when the box truck driver caught the conspirators stealing the Apple AirTags, a conspirator yelled at the driver, "Don't move, or I will fuck you up!" while holding a small knife in his hand.

Overt Act No. 7: On March 11, 2022, defendants MESTANZA, PADILLA, VALENCIA, and ALBAN, and other co-conspirators, fled with

4

the stolen Apple AirTags, which the victims later valued at approximately $57,377.

3. Attempted Theft from Semitruck on May 25, 2022

Overt Act No. 8: On May 25, 2022, defendants MESTANZA, PADILLA, LUGO, VALENCIA, and ALBAN, and other co-conspirators, using multiple vehicles, drove to a truck stop in Fontana to steal from a semitruck.

Overt Act No. 9: On May 25, 2022, at the Fontana truck stop, a conspirator used a crowbar to break into the semitruck.

Overt Act No. 10: On May 25, 2022, defendants MESTANZA, PADILLA, LUGO, VALENCIA, and ALBAN, and other co-conspirators, fled the Fontana truck stop.

4. Theft of Samsung Electronics Valued at $14,081.54 on May 25, 2022

Overt Act No. 11: On May 25, 2022, defendants MESTANZA, PADILLA, LUGO, VALENCIA, and ALBAN, and other co-conspirators, using multiple vehicles, drove to Fontana to steal from a parked semitruck waiting for a shipment of Samsung electronics traveling in interstate commerce to be unloaded.

Overt Act No. 12: On May 25, 2022, defendants MESTANZA, PADILLA, LUGO, VALENCIA, and ALBAN, and other co-conspirators, stole Samsung electronics from the semitruck.

Overt Act No. 13: On May 25, 2022, defendants MESTANZA, PADILLA, LUGO, VALENCIA, and ALBAN, and other co-conspirators, fled with the stolen Samsung electronics, which the victims later valued at approximately $14,081.54.

5.  Theft of Jewelry Valued at $100,000,000 on July 11, 2022

Overt Act No. 14:  On July 8, 2022, defendant PADILLA scouted an international jewelry show in San Mateo, California, while on the phone with a co-conspirator.

Overt Act No. 15:  On July 9, 2022, defendant PADILLA and other co-conspirators scouted the international jewelry show to plan a robbery.

Overt Act No. 16:  On July 10, 2022, defendant PADILLA scouted the international jewelry show while on the phone with a co-conspirator, and defendants LUGO and ALBAN were on the phone with each other.

Overt Act No. 17:  On July 10, 2022, defendants MESTANZA, LUGO, and ALBAN scouted a Brinks semitruck at the international jewelry show with 73 bags containing millions of dollars in jewelry that had traveled in interstate commerce.

Overt Act No. 18:  On July 10, 2022, upon the Brinks semitruck's departure, defendant LUGO called defendant ALBAN, defendant ALBAN called defendant PADILLA, and defendant PADILLA called defendant VALENCIA.

Overt Act No. 19:  From the late hours of July 10, 2022, to the early hours of July 11, 2022, defendants MESTANZA, PADILLA, LUGO, VALENCIA, PRESILLA, and MACIAS, and other co-conspirators, followed the Brinks truck approximately 300 miles from the jewelry show in San Mateo to rest stops in Buttonwillow, California, and Lebec, California.

Overt Act No. 20:  On July 11, 2022, defendants MESTANZA, PADILLA, LUGO, VALENCIA, PRESILLA, and MACIAS, and other co-conspirators, stole 24 bags of jewelry from the Brinks semitruck.

<u>Overt Act No. 21</u>: On July 11, 2022, defendants MESTANZA, PADILLA, LUGO, VALENCIA, ALBAN, PRESILLA, and MACIAS, and other co-conspirators, traveled to East Hollywood with the stolen jewelry, which the victims later valued at approximately $100,000,000.

<u>Overt Act No. 22</u>: On July 14, 2022, July 15, 2022, and July 16, 2022, respectively, defendants MESTANZA, PRESILLA, and ALBAN deactivated their cellphone numbers that they had been using to steal the jewelry from the Brinks semitruck.

<u>Overt Act No. 23</u>: On July 20, 2022, defendants LUGO and VALENCIA also deactivated their cellphone numbers that they had been using to steal the jewelry from the Brinks semitruck.

COUNT TWO

[18 U.S.C. § 1951(a)]

[DEFENDANTS MESTANZA, PADILLA, LUGO, VALENCIA, AND ALBAN]

A. OBJECT OF THE CONSPIRACY

Beginning no later than on or about March 2, 2022, and continuing to at least on or about July 20, 2022, in San Bernardino and Los Angeles Counties, within the Central District of California, and elsewhere, defendants CARLOS VICTOR MESTANZA CERCADO, JAZAEL PADILLA RESTO, also known as ("aka") "Ricardo Noel Moya," "Ricardo Barbosa," and "Alberto Javier Loza Chamorro," PABLO RAUL LUGO LARROIG, aka "Walter Loza," VICTOR HUGO VALENCIA SOLORZANO, and JORGE ENRIQUE ALBAN conspired with each other and others known and unknown to the Grand Jury to knowingly and intentionally obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by robbery, in violation of Title 18, United States Code, Section 1951(a).

B. MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

The object of the conspiracy was to be accomplished, in substance, as described in Section B of Count One of this Indictment.

COUNT THREE

[18 U.S.C. §§ 1951(a), 2]

[DEFENDANTS MESTANZA, PADILLA, LUGO, VALENCIA, AND ALBAN]

On or about March 11, 2022, in San Bernardino County, within the Central District of California, defendants CARLOS VICTOR MESTANZA CERCADO, JAZAEL PADILLA RESTO, also known as ("aka") "Ricardo Noel Moya," "Ricardo Barbosa," and "Alberto Javier Loza Chamorro," PABLO RAUL LUGO LARROIG, aka "Walter Loza," VICTOR HUGO VALENCIA SOLORZANO, and JORGE ENRIQUE ALBAN, and others known and unknown to the Grand Jury, each aiding and abetting the others, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly committing robbery, in that defendants MESTANZA, PADILLA, LUGO, VALENCIA, and ALBAN unlawfully took and obtained property consisting of approximately $57,377 worth of Apple AirTags, which traveled in interstate and foreign commerce, from a freight carrier truck parked in Fontana, California, in the presence of the truck driver, against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person and property, and property in his custody and possession.

COUNT FOUR

[18 U.S.C. §§ 659, 2]

[DEFENDANTS MESTANZA, PADILLA, LUGO, AND VALENCIA]

On or about March 2, 2022, in San Bernardino County, within the Central District of California, defendants CARLOS VICTOR MESTANZA CERCADO, JAZAEL PADILLA RESTO, also known as ("aka") "Ricardo Noel Moya," "Ricardo Barbosa," and "Alberto Javier Loza Chamorro," PABLO RAUL LUGO LARROIG, aka "Walter Loza," and VICTOR HUGO VALENCIA SOLORZANO, and others known and unknown to the Grand Jury, each aiding and abetting the others, unlawfully and with intent to convert to their own use and benefit, stole, took, carried away, and concealed from a motortruck, trailer, and vehicle, goods and chattels of a value in excess of $1,000, that is, Samsung electronics that the victims valued at approximately $240,573, which were moving as, were a part of, and constituted an interstate and foreign shipment of freight, express, and property.

COUNT FIVE

[18 U.S.C. §§ 659, 2]

[DEFENDANTS MESTANZA, PADILLA, LUGO, VALENCIA, AND ALBAN]

On or about May 25, 2022, in San Bernardino County, within the Central District of California, defendants CARLOS VICTOR MESTANZA CERCADO, JAZAEL PADILLA RESTO, also known as ("aka") "Ricardo Noel Moya," "Ricardo Barbosa," and "Alberto Javier Loza Chamorro," PABLO RAUL LUGO LARROIG, aka "Walter Loza," VICTOR HUGO VALENCIA SOLORZANO, and JORGE ENRIQUE ALBAN, and others known and unknown to the Grand Jury, each aiding and abetting the others, unlawfully and with intent to convert to their own use and benefit, stole, took, carried away, and concealed from a motortruck, trailer, and vehicle, goods and chattels of a value in excess of $1,000, that is, Samsung electronics that the victims valued at approximately $14,081.54, which were moving as, were a part of, and constituted an interstate and foreign shipment of freight, express, and property.

COUNT SIX

[18 U.S.C. §§ 659, 2]

[ALL DEFENDANTS]

On or about July 11, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendants CARLOS VICTOR MESTANZA CERCADO, JAZAEL PADILLA RESTO, also known as ("aka") "Ricardo Noel Moya," "Ricardo Barbosa," and "Alberto Javier Loza Chamorro," PABLO RAUL LUGO LARROIG, aka "Walter Loza," VICTOR HUGO VALENCIA SOLORZANO, JORGE ENRIQUE ALBAN, JESON NELON PRESILLA FLORES, and EDUARDO MACIAS IBARRA, and others known and unknown to the Grand Jury, each aiding and abetting the others, unlawfully and with intent to convert to their own use and benefit, stole, took, carried away, and concealed from a motortruck, trailer, and vehicle, goods and chattels of a value in excess of $1,000, that is, jewelry that the victims valued at approximately $100,000,000, which was moving as, was a part of, and constituted an interstate and foreign shipment of freight, express, and property.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of any of the offenses set forth in any of Counts One through Six of this Indictment.

2.  Any defendant so convicted shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any of the offenses; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence;

//

//

(b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

BILAL A. ESSAYLI
United States Attorney

*Christina Shay*

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Chief, Violent & Organized Crime Section

KEVIN J. BUTLER
Assistant United States Attorney
Deputy Chief, Violent & Organized Crime Section

JENA A. MACCABE
Assistant United States Attorney
Violent & Organized Crime Section