TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
KEVIN J. BUTLER (Cal. Bar No. 329129)
Chief, Major Crimes Section
JENA A. MACCABE (Cal. Bar No. 316637)
Deputy Chief, Major Crimes Section
Assistant United States Attorneys
1300 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-6495/5046
Facsimile: (213) 894-0141
E-mail: kevin.butler2@usdoj.gov
jena.maccabe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS VICTOR MESTANZA CERCADO,<br>ALBERTO JAVIER LOZA,<br>aka "Ricardo Noel Moya,"<br>aka "Ricardo Barbosa,"<br>aka "Alberto Javier Loza Chamorro,"<br>aka "Jazael Padilla Resto,"<br>PABLO RAUL LUGO LARROIG,<br>aka "Walter Loza,"<br>JORGE ENRIQUE ALBAN,<br><br>Defendants. | No. 5:25-cr-00198-KK-1, 2, 3, 5<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE: 10-05-26**<br><br>**PROPOSED TRIAL DATE: 03-22-27** |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Central District of California and Assistant United States Attorneys Kevin J. Butler and Jena A. MacCabe, and defendants CARLOS VICTOR MESTANZA

CERCADO ("defendant MESTANZA"), ALBERTO JAVIER LOZA, also known as "Ricardo Noel Moya," "Ricardo Barbosa," "Alberto Javier Loza Chamorro," and "Jazael Padilla Resto" ("defendant LOZA"), PABLO RAUL LUGO LARROIG, also known as "Walter Loza" ("defendant LUGO"), and JORGE ENRIQUE ALBAN ("defendant ALBAN," and together with defendants MESTANZA, LOZA, and LUGO, "defendants"), individually and by and through their counsel of record, Adam Axelrad, Elon Berk, Deputy Federal Public Defender Young Kim, and Robert Bernstein, respectively, hereby stipulate as follows:

1. The Indictment in this case was filed on June 11, 2025. Defendant LUGO first appeared before a judicial officer of the court in which the charges in this case were pending on June 17, 2025. Defendant LOZA first appeared before a judicial officer of the court in which the charges in this case were pending on July 28, 2025. Defendant MESTANZA first appeared before a judicial officer of the court in which the charges in this case were pending on August 6, 2025. Defendant ALBAN first appeared before a judicial officer of the court in which the charges in this case were pending on August 29, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before August 26, 2025, for defendant LUGO, on or before October 6, 2025, for defendant LOZA, on or before October 15, 2025, for defendant MESTANZA, and on or before November 7, 2025, for defendant ALBAN. All other co-defendants have no pending court dates in this matter.

2. On June 17, 2025, the Court set a trial date of August 11, 2025, and a pretrial conference and motion hearing on July 24, 2025, at 1:30 p.m. for defendant LUGO. On July 28, 2025, the Court set a trial date of September 22, 2025, and a pretrial conference and

motion hearing on September 4, 2025, at 1:30 p.m. for defendant LOZA. On August 6, 2025, the Court set a trial date of September 29, 2025, and a pretrial conference and motion hearing on September 11, 2025, at 1:30 p.m. for defendant MESTANZA. On August 29, 2025, the Court set a trial date of October 20, 2025, and a pretrial conference and motion hearing on October 2, 2025, at 1:30 p.m. for defendant ALBAN.

3. Defendants MESTANZA and LOZA are detained pending trial. Defendants LUGO and ALBAN are released on bond pending trial. The parties estimate that the trial in this matter will last approximately six days. All defendants are joined for trial and a severance has not been granted.

4. The Court has previously continued the foregoing trial dates to October 5, 2026, and found the interim periods to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5. By this stipulation, defendants move to continue the trial date to March 22, 2027, and the pretrial conference and motion hearing to March 4, 2027, at 1:30 p.m. This is the third request for a continuance as to all defendants.

6. Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. Defendants are charged with violations of 18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 1951(a): Conspiracy to Interfere with Commerce by Robbery and Interference with Commerce by Robbery; and 18 U.S.C. § 659: Theft from Interstate or Foreign Shipment. The government has produced discovery to the defense, including law enforcement reports, investigative process and returns, videos,

photographs, license plate reader information, cell-site location information, and criminal history information for a total volume of 1.89569 Terabytes and 33,164 files.

b. Defense counsel have the conflicts listed in Appendix A. Accordingly, counsel represent that they will not have the time that they believe is necessary to prepare to try this case on the current trial date.

c. In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

e. The government does not object to the continuance.

f. The requested continuance is not based on congestion of the Court’s calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

7. For purposes of computing the date under the Speedy Trial Act by which defendants’ trial must commence, the parties agree that

the time period of October 5, 2026, to March 22, 2027, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

//

//

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 10, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney & Chief, Criminal Division

/s/

KEVIN J. BUTLER
JENA A. MACCABE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am CARLOS VICTOR MESTANZA CERCADO's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than March 22, 2027, is an informed and voluntary one.

[signature] 9-8-26

ADAM AXELRAD
Attorney for Defendant
CARLOS VICTOR MESTANZA CERCADO

Date

I have read this stipulation and have carefully discussed it with my attorney. This stipulation has been read to me in Spanish, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than March 22, 2027.

[signature] 08-Sept-2026.

CARLOS VICTOR MESTANZA CERCADO
Defendant

Date

**CERTIFICATION OF INTERPRETER**

I, Victor D. Gonzalez, am fluent in the written and spoken English and Spanish languages. I accurately translated this entire stipulation from English into Spanish to defendant CARLOS VICTOR MESTANZA CERCADO on this date.

[signature] 9/8/2026

INTERPRETER

Date

I am ALBERTO JAVIER LOZA's, also known as "Ricardo Noel Moya," "Ricardo Barbosa," "Alberto Javier Loza Chamorro," and "Jazael Padilla Resto," attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than March 22, 2027, is an informed and voluntary one.

/s/ (with email authorization) September 10, 2026

ELON BERK
Attorney for Defendant
ALBERTO JAVIER LOZA, aka "Ricardo Noel Moya," "Ricardo Barbosa," "Alberto Javier Loza Chamorro," and "Jazael Padilla Resto"

Date

I have read this stipulation and have carefully discussed it with my attorney. This stipulation has been read to me in Spanish, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand my Speedy Trial rights. I

//

//

voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than March 22, 2027.

[TO BE PROVIDED][1]

______________________________ ______________________________

ALBERTO JAVIER LOZA, aka "Ricardo Noel Moya," "Ricardo Barbosa," "Alberto Javier Loza Chamorro," and "Jazael Padilla Resto"
Defendant

Date

**CERTIFICATION OF INTERPRETER**

I, ___________________________, am fluent in the written and spoken English and Spanish languages. I accurately translated this entire stipulation from English into Spanish to defendant ALBERTO JAVIER LOZA, also known as "Ricardo Noel Moya," "Ricardo Barbosa," "Alberto Javier Loza Chamorro," and "Jazael Padilla Resto," on this date.

______________________________ ______________________________

INTERPRETER

Date

[1] On September 10, 2026, counsel for defendant LOZA informed the government that he is unable to provide his client's signature by the Court's deadline for filing continuance requests but that he will provide it later, at which point, the government will file the signature page.

I am PABLO RAUL LUGO LARROIG's, also known as "Walter Loza," attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than March 22, 2027, is an informed and voluntary one.

9/8/26

YOUNG KIM
Attorney for Defendant
PABLO RAUL LUGO LARROIG, aka
"Walter Loza"

Date

I have read this stipulation and have carefully discussed it with my attorney. This stipulation has been read to me in Spanish, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than March 22, 2027.

Pablo Lugo Larroig

9/8/2026

PABLO RAUL LUGO LARROIG, aka
"Walter Loza"
Defendant

Date

**CERTIFICATION OF INTERPRETER**

I, MICHAEL KAGAN, am fluent in the written and spoken English and Spanish languages. I accurately translated this entire stipulation from English into Spanish to defendant PABLO RAUL LUGO LARROIG, also known as "Walter Loza," on this date.

INTERPRETER

Date 9/8/2026

I am JORGE ENRIQUE ALBAN's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than March 22, 2027, is an informed and voluntary one.

ROBERT BERNSTEIN
Attorney for Defendant
JORGE ENRIQUE ALBAN

9/3/26
Date

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than March 22, 2027.

JORGE ENRIQUE ALBAN
Defendant

9/3/24
Date